# EXHIBIT A

COPY

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON.COM SERVICES, LLC, a Washington Limited Liability
Company; VANESSA OSORINO, an individual; and DOES 1 through
20, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DARREN MICHELS, an individual

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 15 2024

BY: Stephanie Garcia, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SAN BERNARDINO<br>247 West Third Street<br>San Bernardino, CA 92415 | CASE NUMBER:<br>*(Número del Caso):*<br>CIV SB 2403041<br>401 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Raymond Babaian, VALIANT LAW, 800 Ferrari Lane, Suite 100, Ontario, CA 91764 (909) 677-2270

| DATE:<br>*(Fecha)* MAR 15 2023 | Clerk, by<br>*(Secretario)* Stephanie Garcia | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Amazon.com Services, LLC, a Washington Limited Liability Company
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

COPY

1  Raymond Babaian (State Bar No. 232486)
   rb@valiantlaw.com
2  Kelcey Hoffman (State Bar No. 333353)
   kkh@valiantlaw.com
3  **VALIANT LAW**
   800 Ferrari Lane, Suite 100
4  Ontario, California 91764
   Phone: 909 677 2270 ♦ Fax: 909 677 2290
5
6  Attorneys for PLAINTIFF, DARREN MICHELS

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 15 2024

BY_____ Stephanie Garcia, Deputy

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF SAN BERNARDINO**

10

11  DARREN MICHELS, an individual

12          Plaintiff,

13      v.

14  AMAZON.COM SERVICES, LLC, a
    Washington Limited Liability Company;
15  VANESSA OSORINO, an individual; and
    DOES 1 through 20, inclusive,
16

17          Defendants.

18

Case No. **CIV SB 2 4 0 3 0 4 1**
                              401

**PLAINTIFF'S COMPLAINT FOR:**

1. Disparate Treatment - Disability
   Discrimination in Violation of FEHA;
2. Disparate Impact – Disability
   Discrimination in Violation of FEHA;
3. Failure to Engage in the Interactive
   Process in Violation of FEHA;
4. Failure to Accommodate;
5. Retaliation in Violation of FEHA;
6. Negligent Hiring, Supervision, and
   Retention;
7. Wrongful Termination in Violation of
   Public Policy;
8. Failure to Prevent Discrimination and
   Retaliation in Violation of FEHA;
9. Intentional Infliction of Emotional
   Distress;
10. Negligent Infliction of Emotional
    Distress

24

25      **COMES NOW** PLAINTIFF, DARREN MICHELS, an individual, and alleges as follows:

26                        **JURISDICTION AND VENUE**

27      1.      This is an unlimited civil action, and this Court has jurisdiction over this action

28  because the amount of controversy exceeds $25,000, exclusive of interest and costs.

-1-
COMPLAINT

2.      Jurisdiction and Venue are also proper in this Court because the majority of the claims alleged herein arose in Mira Loma and all the defendants are doing or did business throughout San Bernardino County, in each case, at the times relevant herein. See also *California Code of Civil Procedure* § 395, which provides that the venue is proper in this County because defendants reside in this County and/or the harm to Plaintiff occurred in this County.

## PARTIES

3.      PLAINTIFF DARREN MICHELS (hereinafter, "PLAINTIFF"), at all times relevant hereto, was and is a resident of the State of California.

4.      Defendant AMAZON.COM SERVICES, LLC (hereinafter, "AMAZON"), is a Washington Corporation, doing substantial business in the State of California, including within 11100 Iberia Street, Mira Loma, CA 91752.

5.      PLAINTIFF is informed and believes, and thereon alleges that VANESSA OSORINO (hereinafter, "OSORINO") OSORINOis an individual residing in the State of California. OSORINO is a managing agent of AMAZON, and PLAINTIFF'S supervisor, and in that capacity during all times alleged herein, acted under the direction and control of AMAZON.

6.      PLAINTIFF is informed and believes, and thereon alleges, that DOES 2 through 20, inclusive (hereinafter referred to as "DOES"), are or were individuals and/or are or were doing business at all times herein mentioned and material hereto in the State of California, and are/were the alter ego, agent, managing agent, principal, owner, partner, joint venture, representative, manager, and/or co-conspirator of each of the other defendants, and were at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

7.      The true names and capacities, whether individual, corporate or associate, or otherwise, designated herein as DOES, are unknown to PLAINTIFF at this time, who, therefore, sue said DOES by such fictitious names and will ask leave of Court to amend this Complaint to show their true names and capacities when ascertained.

8.      Plaintiff is informed and believes and based thereon, alleges that at all times material

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

-2-
COMPLAINT

hereto, AMAZON, OSORINO, and DOES 1 through 20 (hereinafter collectively referred to as "DEFENDANTS") and each of them, were duly authorized agents, or servants, or representatives, or co-conspirators of the other, or the alter ego, or the principal, or the owner, or representatives, and were acting at all times within the course and scope of their agency or representative capacity with the knowledge and consent of the other.

9. All of the acts and conduct herein and below described of each and every corporate Defendant was duly authorized, ordered by management-level employees of said corporate employers. In addition, thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conducts of said corporate employees, agents and representatives, the Defendant corporations, respectively and collectively, ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

10. PLAINTIFF exhausted his administrative remedies by timely filing a complaint for the issues required to be raised herein against DEFENDANTS with the California Department of Fair Employment & Housing ("DFEH") and thereafter received a "Right to Sue" letter from the DFEH attached hereto as **Exhibit "A."**

## FACTUAL ALLEGATIONS

11. PLAINTIFF was hired by AMAZON in or around January 2022, as a seasonal employee working for AMAZON located at 11100 Iberia Street, Mira Loma, CA 91752. After a few months of hard work and dedication, PLAINTIFF was offered a part-time position as a Fulfillment Associate. At all times relevant herein, PLAINTIFF was employed by AMAZON.

12. PLAINTIFF has high functioning Autism – including auditory processing disorder, general anxiety disorder, and depression, which affect his ability to engage in major life activities. Despite this, PLAINTIFF thrived in his job position at AMAZON and was, at all times, a satisfactory employee.

13. PLAINTIFF placed DEFENDANTS on notice of his mental disabilities during his

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

initial hiring and/or onboarding process. Unfortunately, AMAZON's policies and procedures are specifically designed to harm and discriminate against employees with medical disabilities such as PLAINTIFF. These policies strategically bypass AMAZON's legal obligations to accommodate such employees. As a result, PLAINTIFF was subjected to discrimination, retaliation, and ultimately wrongfully terminated effective April 18, 2023.

14.     On or about March 30, 2023, PLAINTIFF's grandfather passed away and he requested bereavement leave. PLAINTIFF was ultimately granted three days of leave. However, on or about April 3, 2023, PLAINTIFF contacted AMAZON's Human Resources Department ("HR") and requested an additional two days of bereavement leave as he was still grieving the loss of his grandfather, who served as his primary father figure and held a special place in his life, especially given the absence of his biological father. PLAINTIFF was advised by HR that they would submit the request and, if there were any issues, he would hear back from them. PLAINTIFF never received any follow-up and was under information and belief that his request was approved. Notably, due to PLAINTIFF's mental disabilities, he required additional instruction and assistance for day-to-day processes, including completing his daily work tasks of filling pallets and loading and unloading shipments. AMAZON was at all times aware of his need for accommodations yet did not provide any additional assistance to PLAINTIFF – to his detriment.

15.     PLAINTIFF returned to work for his next scheduled shift on April 10, 2023. PLAINTIFF worked the entirety of his shift with no issue. No attempt by anyone from AMAZON was made to speak with PLAINTIFF regarding his bereavement leave and/or unpaid time off ("UPT") balance.

16.     During this same time, PLAINTIFF's symptoms of anxiety and depression began to worsen. PLAINTIFF reached out to AMAZON's Human Resources Department and requested assistance, specifically advising them that his therapist requested he take a leave of absence. AMAZON's Human Resources Representative merely brushed off his request and informed PLAINTIFF to speak with another department entirely, AMAZON's DLS Department. Importantly, AMAZON was well aware of PLAINTIFF's mental disabilities and his need for additional assistance, yet they failed to assist and instead forced him to maneuver their convoluted system

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1   alone. Despite PLAINTIFF's efforts, he was ultimately unable to complete his request for FMLA

2   after submitting it to the DLS Department due to AMAZON's lack of assistance.

3       17.    On or about April 13, 2023, PLAINTIFF presented to work for his shift as normal.

4   PLAINTIFF worked approximately three hours before becoming physically ill, at which point he

5   immediately informed OSORINO. DEFENDANTS approved for PLAINTIFF to forego the

6   remainder of his shift and go home early. At no time during the three hours PLAINTIFF worked did

7   DEFENDANTS attempt to speak with PLAINTIFF regarding his UPT balance or prior attempts to

8   get into contact with him. Further, DEFENDANTS failed to inform PLAINTIFF that leaving early

9   due to his physical illness on April 13, 2023, may lead to his termination.

10      18.    No effort, at any time between April 10, 2023, and April 14, 2023, was made by

11  DEFENDANTS to discuss with PLAINTIFF his UPT balance, the possible ramifications of leaving

12  early for his illness, and/or possible leave options to accommodate his physical illness, despite

13  knowing that PLAINTIFF required additional assistance and communications due to his mental

14  disabilities.

15      19.    On or about April 15, 2023, PLAINTIFF attempted to login to his employee portal

16  account prior to his shift, as was his practice to routinely check his employee portal. Shockingly,

17  PLAINTIFF discovered that he no longer had access to his account. PLAINTIFF immediately

18  reached out to DEFENDANTS' Human Resources Department to inquire about the lack of access

19  and was informed, for the first time, that he had been terminated due to "negative hours of unpaid

20  time off." At no time prior to this call did PLAINTIFF receive any notification that there was an

21  issue with his UPT, despite actively keeping his management informed regarding his time off and

22  being physically present and working at DEFENDANTS facility for approximately twelve (12)

23  hours between April 10, 2023, and April 13, 2023.

24      20.    Worse still, PLAINTIFF discovered that OSORINO had denied his additional

25  bereavement leave despite his representations otherwise – thus, PLAINTIFF became negative in

26  unpaid hours as a result. Importantly, PLAINTIFF had worked at least three shifts following his

27  requested extension of bereavement leave. At no time during those three shifts was PLAINTIFF

28  ever advised that he was being terminated - not even when he spoke to OSORINOand requested to

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

-5-
COMPLAINT

1    leave due to his illness.

2         21.    After this April 15, 2023, phone call PLAINTIFF discovered an email sent to his

3    personal email address on April 14, 2023, advising him that he was being terminated and that

4    DEFENDANTS had attempted to call him. Notably, PLAINTIFF never received any calls from

5    anyone at AMAZON prior to this email. PLAINTIFF was not apprised of this email prior to his

6    termination due to his pattern and practice of checking his employee portal for employment

7    information – not his email. Conspicuously missing from his portal – at any time – was any

8    information regarding his termination.

9         22.    AMAZON's policies, specifically regarding unpaid time off, detrimentally impacts

10   employees with disabilities who require additional accommodations. PLAINTIFF, suffering from

11   autism, anxiety, and depression, advised AMAZON on numerous occasions of his disabilities and

12   even attempted to request FMLA as an accommodation. Instead of engaging in any interactive

13   process or granting his request, AMAZON used their discriminatory policies to wrongfully

14   terminate PLAINTIFF's employment.

15        23.    PLAINTIFF believes and asserts that DEFENDANTS intentionally/recklessly

16   mislead him with respect to his "approved" bereavement leave and need for time off due to illness

17   in an effort to terminate PLAINTIFF due to his mental disabilities and his engagement in protected

18   activity – requesting bereavement and/or FMLA leave.

19        24.    On or about April 19, 2023, PLAINTIFF advised AMAZON that he wished to appeal

20   the termination. Thereafter, PLAINTIFF met with AMAZON's appeals department on or about

21   April 24, 2023, and informed them that, on account of his disabilities, he would need additional time

22   to elaborate his appeal statement because, as he previously expressed in his requests for

23   accommodation, PLAINTIFF cannot process these issues as quickly as a non-autistic individual.

24   Shockingly however, AMAZON further retaliated and discriminated against PLAINTIFF by once

25   again denying PLAINTIFF's simple request for accommodations. Instead, PLAINTIFF was advised

26   on April 27, 2023, that his appeal had been denied.

27        25.    By engaging in the above referenced acts and omissions, DEFENDANTS

28   discriminated and retaliated against PLAINTIFF because of his disabilities and/or engagement in

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

protected activity in violation of Government Code §§ 12940, et seq. and PLAINTIFF was significantly harmed. DEFENDANTS' conduct was a substantial factor in causing PLAINTIFF's harm.

26.    As a result of DEFENDANTS' unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional distress, including (without limitation), depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.

27.    PLAINTIFF will seek economic damages, non-economic damages, punitive damages, recovery of his reasonable attorney's fees and costs as the prevailing party and in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws.

28.    PLAINTIFF now commences this suit against DEFENDANTS, and each of them, and alleges the following:

## FIRST CAUSE OF ACTION

### Disability Discrimination in Violation of FEHA

### (As to AMAZON and Does 1 through 20, inclusive)

29.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

30.    At all relevant times mentioned herein, PLAINTIFF and AMAZON and/or DOES 2 through 20 were in an employee/employer relationship.

31.    At all times mentioned herein, Government Code §§ 12940 et seq., was in full force and effect and was binding on AMAZON and/or DOES 2 through 20. This statute requires AMAZON and/or DOES 2 through 20 to refrain from discrimination against any employee based on their actual and/or perceived disability.  Further, AMAZON and/or DOES 2 through 20 may not discriminate, discharge, or retaliate against PLAINTIFF because of a medical condition or actual or perceived disability. (Gov. C. § 12940 et seq.)

32.    AMAZON and/or DOES 1 through 20 were on notice of PLAINTIFF's medical disabilities (Autism and anxiety disorder) from the onset of his employment. AMAZON and/or

1  DOES 1 through 20 knew or should have known of PLAINTIFF's disabilities - which limited major

2  life activities, including his ability to perform her work duties. AMAZON and/or DOES 1 through

3  20 further perceived PLAINTIFF to be disabled under FEHA definitions.

4     33.     PLAINTIFF was able to perform the essential job duties of his position with

5  AMAZON and/or DOES 1 through 20 with and/or without reasonable accommodation including,

6  but not limited to, additional time off.

7     34.     As a direct result of PLAINTIFF's actual and/or perceived disabilities, AMAZON

8  and/or DOES 1 through 20 engaged in a pattern and/or practice of discriminatory adverse

9  employment actions including, but not limited to: (1) denying his request for FMLA; (2) failing to

10  inform him of his unpaid time off balance and/or otherwise advise PLAINTIFF of the possible

11  ramifications for leaving work early; (3) failing to engage in the interactive process; (4) failing to

12  advise PLAINTIFF of his leave options;  (5) terminating his employment; and (4) denying his

13  request for additional time to appeal his termination.

14     35.     The above is a non-exhaustive list of the adverse actions taken towards PLAINTIFF

15  in AMAZON and/or DOES 1 through 20 which were substantially motivated by PLAINTIFF's

16  disability.

17     36.     AMAZON and/or DOES 1 through 20 intentionally engaged in despicable conduct

18  to subject PLAINTIFF to cruel and unjust hardship and in conscious disregard for PLAINTIFF's

19  rights, health, and safety.

20     37.     As an actual and/or proximate result of AMAZON and/or DOES 1 through 20's

21  unlawful conduct and engagement in a series of discriminatory adverse employment actions,

22  PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as earnings and

23  benefits, and emotional distress, including (without limitation), depression, decline in health,

24  anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.

25     38.     PLAINTIFF will seek economic damages, non-economic damages, punitive

26  damages, recovery of his reasonable attorney's fees and costs as the prevailing party and in amounts

27  to be proven at trial in addition to interest thereon and any and all other remedies and damages

28  available under the applicable laws.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-8-

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

## SECOND CAUSE OF ACTION

### Disparate Impact – Disability Discrimination

### (As to AMAZON and DOES 2 through 20, inclusive)

39.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

40.     AMAZON was PLAINTIFF's employer and PLAINTIFF was AMAZON's employee from approximately January 2022 through April 14, 2023.

41.     PLAINTIFF is protected under the FEHA as a disabled employee.

42.     AMAZON and/or DOES 2 through 20 had an employment practice of denying employees with disabilities, such as PLAINTIFF, reasonable accommodations to take additional time off, as described in this complaint, which had a disproportionate adverse effect on PLAINTIFF as a disabled employee requiring accommodations.

43.     AMAZON and/or DOES 1 through 20 had knowledge of PLAINTIFF's disability as PLAINTIFF disclosed it to AMAZON during his hiring and onboarding proces. PLAINTIFF was treated differently on the basis of his disability in comparison to other similarly situated non-disabled employees. Further, AMAZON and/or DOES 2 through 20 knew of its employees and Human Resources conducting themselves in an unlawful, discriminatory and harmful manner toward PLAINTIFF based on his disability.

44.     DEFENDANTS endorsed, ratified and/or approved of disability discrimination in the workplace.

45.     PLAINTIFF was mentally, physically and financially harmed because of AMAZON and/or DOES 2 through 20's policies and practices regarding unpaid time-off.

46.     AMAZON and/or DOES 2 through 20's conduct, policies, and practices were substantial factors in causing PLAINTIFF's mental, physical and financial harm.

47.     By engaging in the above referenced acts and omissions, AMAZON and/or DOES 2 through 20, wrongfully discriminated against PLAINTIFF in violation of Government Code §§ 12940, et seq.

48.     As a result of AMAZON and/or DOES 2 through 20's unlawful conduct,

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1   PLAINTIFF suffered and continues to suffer economic loss and disadvantage in both earnings and

2   benefits, and emotional distress, including but not limited to, depression, decline in health, anxiety,

3   embarrassment, humiliation, loss of self-esteem, and mental anguish.

4        49.    PLAINTIFF is entitled to and will seek exemplary, general and compensatory

5   damages and attorney's fees and costs against AMAZON and/or DOES 2 through 20 in amounts to

6   be proven at trial in addition to interest thereon and any and all other remedies and damages available

7   under the applicable laws.

8   **THIRD CAUSE OF ACTION**

9   **Failure to Engage in the Interactive Process in Violation of FEHA**

10   **(As to AMAZON and DOES 2 through 20, inclusive)**

11        50.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every

12   preceding and subsequent paragraph as though fully set forth herein.

13        51.    At all times mentioned herein, *Government Code* §§ 12940 et seq., was in full force

14   and effect and was binding on AMAZON and/or DOES 2 through 20. AMAZON and/or DOES 2

15   through 20 have an affirmative duty and/or "obligation to engage in the interactive process if and

16   when it becomes aware, whether because it's obvious, the employee has brought it to the employer's

17   attention, it is based on the employer's own perception . . . of the existence of a disabling condition.

18   *Gelfo v. Lockhead Martin Corp.* (2006) 140 Cal. App. 4th 34, 61, fn. 21.

19        52.    AMAZON and/or DOES 2 through 20 has engaged in a pattern, practice, policy and

20   custom of unlawfully failing to engage in the interactive process concerning the actual and/or

21   perceived disability of employees, including PLAINTIFF.

22        53.    AMAZON and/or DOES 2 through 20 knew or should have known that PLAINTIFFs

23   Autism and anxiety disorder was a physical disability which limited major life activities, including

24   his ability to perform his work duties. Furthermore, AMAZON and/or DOES 2 through 20 perceived

25   PLAINTIFF to be disabled under FEHA definitions.

26        54.    PLAINTIFF was at all times ready and willing to engage in the good faith interactive

27   process. However, AMAZON and/or DOES 2 through 20 and/or its Human Resources, supervisors,

28   managers, and/or agents and each of them failed to engage in a timely good faith interactive process

1    with PLAINTIFF at any time after he disclosed his disability.

2    55.    AMAZON and/or DOES 2 through 20 and/or its Human Resources, managers,

3    supervisors, or agents intentionally failed to engage in the interactive process which amounts to

4    despicable conduct intended to subject PLAINTIFF to cruel and unjust hardship and in conscious

5    disregard for PLAINTIFF's rights, health, and safety.

6    56.    As an actual and proximate result of AMAZON and/or DOES 2 through 20's

7    deliberate failures, PLAINTIFF was harmed both economically and emotionally. Specifically,

8    AMAZON and/or DOES 2 through 20's failure to engage in the interactive process, and resulting

9    termination, has caused PLAINTIFF to sustain and continue to sustain losses in earnings and other

10   employment benefits. Further, as a result of AMAZON and/or DOES 2 through 20's unlawful

11   conduct, PLAINTIFF has suffered and continues to suffer severe emotional distress, exacerbated

12   mental and physical pain, anguish, loss of sleep, loss of appetite, severe anxiety, depression, and

13   shame.

14   57.    As a direct and/or proximate result of AMAZON and/or DOES 2 through 20's

15   unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both

16   as earnings and benefits, and emotional distress, including but not limited to, depression, decline in

17   health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish. PLAINTIFF

18   is entitled to and will seek punitive, exemplary, general, and compensatory damages and attorney's

19   fees and costs in amounts to be proven at trial in addition to interest thereon and any and all other

20   remedies and damages available under the applicable laws.

21                        **FOURTH CAUSE OF ACTION**

22                          **Failure to Accommodate**

23              **(As to AMAZON and DOES 2 through 20, inclusive)**

24   58.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every

25   preceding and subsequent paragraph as though fully set forth herein.

26   59.    PLAINTIFF had a disability and/or AMAZON and/or DOES 2 through 20 treated

27   PLAINTIFF as having a disability, specifically Autism and Anxiety Disorder, which limited his

28   major life activities. AMAZON and/or DOES 2 through 20 had notice and knowledge of

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-11-
COMPLAINT

1   PLAINTIFF's disabilities.

2        60.    PLAINTIFF was able to perform the essential duties of his job, or a vacant alternative

3   position which he was qualified for, with or without reasonable accommodation for his disabilities.

4        61.    AMAZON and/or DOES 2 through 20 failed to provide reasonable accommodation

5   for PLAINTIFF's disability. Specifically denying his request for FMLA and need for additional

6   time off.

7        62.    As an actual and proximate result of AMAZON and/or DOES 2 through 20's

8   deliberate failures, PLAINTIFF was harmed both economically and emotionally. Specifically,

9   AMAZON and/or DOES 2 through 20's failure to engage in the interactive process, and resulting

10  termination, has caused PLAINTIFF to sustain and continue to sustain losses in earnings and other

11  employment benefits. Further, as a result of AMAZON and/or DOES 2 through 20's unlawful

12  conduct, PLAINTIFF has suffered and continues to suffer severe emotional distress, exacerbated

13  mental and physical pain, anguish, loss of sleep, loss of appetite, severe anxiety, depression, and

14  shame.

15       63.    As a direct and/or proximate result of AMAZON and/or DOES 2 through 20's

16  unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both

17  as earnings and benefits, and emotional distress, including but not limited to, depression, decline in

18  health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.  PLAINTIFF

19  is entitled to and will seek punitive, exemplary, general, and compensatory damages and attorney's

20  fees and costs in amounts to be proven at trial in addition to interest thereon and any and all other

21  remedies and damages available under the applicable laws.

22                              **FIFTH CAUSE OF ACTION**

23           **Retaliation in Violation of California Government Code § 12940 et seq.**

24                      **(As to AMAZON and DOES 2 through 20, inclusive)**

25       64.    PLAINTIFF incorporates by reference, repeats and realleges, all preceding and

26  subsequent paragraphs as though fully set forth herein.

27       65.    PLAINTIFF engaged in protected activity by informing AMAZON and/or DOES 2

28  through 20 of his medical disability and subsequent need for accommodations.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-12-
COMPLAINT

66.     As a direct result of PLAINTIFF's engagement in this protected activity, AMAZON and/or DOES 2 through 20 engaged in retaliatory conduct and subjected PLAINTIFF to the following adverse employment actions: (1) denying his request for FMLA; (2) failing to inform him of his unpaid time off balance and/or otherwise advise PLAINTIFF of the possible ramifications for leaving work early; (3) failing to engage in the interactive process; (4) failing to advise PLAINTIFF of his leave options;  (5) terminating his employment; and (4) denying his request for additional time to appeal his termination. This is a non-exhaustive list of the adverse employment actions to which PLAINTIFF was subjected.

67.     Each and every adverse employment action described above was substantially motivated by PLAINTIFF's engagement in protected activity as outlined in this Complaint.

68.     As an actual and proximate result of AMAZON and/or DOES 2 through 20's retaliatory adverse employment actions against PLAINTIFF, PLAINTIFF was harmed both economically and emotionally. Specifically, AMAZON and/or DOES 2 through 20's retaliatory conduct has caused PLAINTIFF to sustain and continue to sustain losses in earnings and other employment benefits. Further, as a result of AMAZON and/or DOES 2 through 20's unlawful conduct, PLAINTIFF has suffered and continues to suffer severe emotional distress, exacerbated mental and physical pain, anguish, loss of sleep, loss of appetite, severe anxiety, depression, and shame.

69.     As a direct and/or proximate result  of AMAZON and/or DOES 2 through 20's  unlawful retaliatory conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional distress, including but not limited to, depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is entitled to and will seek punitive, exemplary, general, and compensatory damages and attorney's fees and costs in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws.

/ / /

/ / /

/ / /

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-13-
COMPLAINT

**SIXTH CAUSE OF ACTION**

**Negligent Hiring, Supervision, and Retention**

**(As to AMAZON and DOES 2 through 20, inclusive)**

70.     PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs as though fully set forth herein.

71.     AMAZON's Human Resources Department and/or OSORINO were at all times unfit and/or incompetent to supervise and/or manage employees who suffer from medical disabilities and/or request any accommodation, such as PLAINTIFF.

72.     PLAINTIFF is informed and believes and thereon alleges that at all times relevant herein that AMAZON and/or DOES 2 through 20 knew or should have known of AMAZON's Human Resources Department and/or OSORINO's propensity for unlawful conduct towards employees who suffer from medical disabilities and/or request any accommodations, including PLAINTIFF.

73.     AMAZON and/or DOES 2 through 20 negligently hired, retained, and/or supervised AMAZON's Human Resources Department in their positions with AMAZON wherein their conduct could and did harm PLAINTIFF. Further, AMAZON and/or DOES 2 through 20 failed to provide reasonable supervision of AMAZON's Human Resources Department and/or OSORINO despite knowing of their propensities for the aforementioned conduct and complaints made against them.

74.     As a direct and proximate result of AMAZON and/or DOES 2 through 20's aforementioned actions and omissions, PLAINTIFF has suffered, and will continue to suffer physical, mental, emotional, and economic harms herein alleged.

75.     PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees. PLAINTIFF will seek the recovery of his attorneys' fees and costs at the conclusion of this lawsuit.

**SEVENTH CAUSE OF ACTION**

**Wrongful Termination in Violation of Public Policy**

**(As to AMAZON and DOES 2 through 20, inclusive)**

76.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-14-
COMPLAINT

77.     At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in *California Government Code* § 12940 was and is to prohibit employers from harassing, discriminating and retaliating against any individual based on, among other things, their exercise of rights under that Section. This public policy is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of AMAZON and/or DOES 2 through 20, in discriminating, retaliating, and terminating PLAINTIFF on the grounds stated above was wrongful and in contravention and violation of the express public policy of the State of California and the laws and regulations promulgated thereunder.

78.     At all times relevant herein, PLAINTIFF and AMAZON and/or DOES 2 through 20 were in an employee/employer relationship.

79.     AMAZON and/or DOES 2 through 20 wrongfully discharged PLAINTIFF on or about April 14, 2023.

80.     PLAINTIFF's disabilities (Autism and Anxiety Disorder) and/or his perceived disabilities, as well as his engagement in protected activity – namely requesting accommodations and/or protected leave – were a substantial motivating reason for PLAINTIFF'S termination.

81.     AMAZON and/or DOES 2 through 20 intentionally engaged in despicable conduct to subject PLAINTIFF to cruel and unjust hardship and in conscious disregard for PLAINTIFF's rights, health, and safety.

82.     As an actual and/or proximate result of AMAZON and/or DOES 2 through 20's unlawful conduct and engagement in a series of discriminatory adverse employment actions, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional distress, including (without limitation), depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.

83.     PLAINTIFF will seek economic damages, non-economic damages, punitive damages, recovery of her reasonable attorney's fees and costs as the prevailing party and in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws.

///

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

**EIGHTH CAUSE OF ACTION**

**Failure to Prevent Discrimination and Retaliation in Violation of FEHA**

**(As to AMAZON and DOES 2 through 20, inclusive)**

84.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

85.     At all times relevant herein, PLAINTIFF and AMAZON and/or DOES 1 through 20 were in an employee/employer relationship.

86.     While employed with AMAZON and/or DOES 2 through 20, PLAINTIFF was subjected to discrimination and retaliation based upon his disabilities (Autism and Anxiety Disorder) and/or his perceived disability as alleged thoroughly in this complaint.

87.     AMAZON and/or DOES 2 through 20 failed to take all reasonable steps to prevent the discrimination and/or retaliation which PLAINTIFF was subjected to by AMAZON, its Human Resources, employees, managers, and/or agents.

88.     AMAZON and/or DOES 2 through 20 intentionally engaged in despicable conduct to subject PLAINTIFF to cruel and unjust hardship and in conscious disregard for PLAINTIFF's rights, health, and safety.

89.     As an actual and/or proximate result of AMAZON and/or DOES 2 through 20's unlawful conduct and engagement in a series of discriminatory adverse employment actions, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional distress, including (without limitation), depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.

90.     PLAINTIFF will seek economic damages, non-economic damages, punitive damages, recovery of her reasonable attorney's fees and costs as the prevailing party and in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws.

/ / /

/ / /

/ / /

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NINTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**(As to all Defendants)**

91.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

92.     AMAZON and/or DOES 1 through 20, engaged in intentional, reckless, despicable, and  outrageous conduct as alleged in this Complaint including but not limited to those actions alleged in this Complaint in paragraphs 11 through 27.

93.     AMAZON and/or DOES 1 through 20 intended to cause PLAINTIFF emotional distress by and through their outrageous, reckless, intentional, and despicable conduct.  AMAZON and/or DOES 1 through 20 acted with the specific intent to deprive PLANTIFF of his peace of mind and with reckless disregard for his well-being.

94.     As a result of AMAZON and/or DOES 1 through 20's outrageous conduct, PLAINTIFF suffered and will continue to suffer economic loss or disadvantage and emotional distress, including but not limited to, fatigue, depression, a general decline in health, sustained and prolonged pain and suffering, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is accordingly entitled to punitive, exemplary, general and compensatory damages and attorney's fees in amounts to be proven at trial.

**TENTH CAUSE OF ACTION**

**Negligent Infliction of Emotional Distress**

**(As to all Defendants)**

95.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

96.     AMAZON and/or DOES 1 through 20 engaged in negligent and careless conduct as alleged in this Complaint in paragraphs 11 through 27, to PLAINTIFF's detriment.

97.     AMAZON and/or DOES 1 through 20, knew or should have known that such conduct would cause direct and immediate emotional harm to PLAINTIFF, and they so negligently ran the employment environment that it did in fact cause PLAINTIFF such harm.

-17-

98.     AMAZON and/or DOES 1 through 20, subjected PLAINTIFF to discrimination, and retaliation, and wrongful termination. AMAZON and/or DOES 1 through 20 engaged in these actions with negligent disregard for PLAINTIFF's well-being.

99.     AMAZON and/or DOES 1 through 20 knew or should have known that the discrimination and retaliatory conduct perpetrated by AMAZON and/or DOES 1 through 20, was likely to cause harm to PLAINTIFF, each of these acts and certainly all of them together, resulted in PLAINTIFF suffering severe and extreme emotional distress.

100.    As a result of AMAZON and/or DOES 1 through 20's unlawful conduct, PLAINTIFF suffered serious emotional distress as a direct result of AMAZON and/or DOES 1 through 20's negligent and/or reckless conduct including but not limited to: fatigue, depression, a general decline in health, sustained and prolonged pain and suffering, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is accordingly entitled to exemplary, general and compensatory damages and attorney's fees in amounts to be proven at trial.

101.    PLAINTIFF seeks an award of general damages, special damages, exemplary damages, costs and damages in excess of the jurisdictional minimum of this Court.

## PRAYER FOR RELIEF

**WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANTS, and each of them, as follows:

1. For economic damages in excess of $5,000,000 according to proof;

2. For compensatory damages and non-economic damages in excess of $10,000,000 according to proof;

3. For liquidated damages allowed as a matter of law;

4. For civil penalties allowed as a matter of law;

5. For special damages according to proof;

6. For punitive damages where allowed by law;

7. For pre-judgment and post-judgment interest pursuant to California Civil Code § 3287 and/or California Civil Code § 3288 and/or any other provision of law providing for pre-judgment and post-judgment interest;

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-18-
COMPLAINT

8.  For attorneys' fees where allowed by law;

9.  For costs of suit incurred herein; and

10. For such other and further relief as this Court deems just and proper.

DATED: March 14, 2024

VALIANT LAW

By:

RAYMOND BABAIAN
KELCEY HOFFMAN
Attorneys for PLAINTIFF, DARREN
MICHELS

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

-19-
COMPLAINT

### REQUEST FOR JURY TRIAL

PLAINTIFF hereby requests jury trial in accordance with the Court's rules and procedures.

DATED: March 14, 2024

**VALIANT LAW**

By: _____
RAYMOND BABAIAN
KELCEY HOFFMAN
Attorneys for PLAINTIFF, DARREN
MICHELS

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

-20-
COMPLAINT

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                     GAVIN NEWSOM, GOVERNOR

## Civil Rights Department

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

March 14, 2024

Raymond Babaian
800 Ferrari Ln., Suite 100
Ontario, CA 91764

RE:     **Notice to Complainant's Attorney**
        CRD Matter Number: 202403-23971314
        Right to Sue: Michels / AMAZON.COM SERVICES, LLC et al.

Dear Raymond Babaian:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                                 KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

March 14, 2024

RE:   **Notice of Filing of Discrimination Complaint**
      CRD Matter Number: 202403-23971314
      Right to Sue: Michels / AMAZON.COM SERVICES, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation.  The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact CRD's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number
indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

March 14, 2024

Darren Michels

,

RE:   **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202403-23971314
Right to Sue: Michels / AMAZON.COM SERVICES, LLC et al.

Dear Darren Michels:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective March 14, 2024 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days

CRD - ENF 80 RS (Revised 02/23)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD – ENF 80 RS (Revised 02/23)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Darren Michels

CRD No. 202403-23971314

Complainant,

vs.

AMAZON.COM SERVICES, LLC
11100 Iberia Street
Mira Loma, CA 91752

Vanessa Osorino

Respondents

---

1. Respondent **AMAZON.COM SERVICES, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Vanessa Osorino** individual as Co-Respondent(s).

3. Complainant **Darren Michels**, resides in the City of , State of .

4. Complainant alleges that on or about **April 27, 2023**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's medical condition (cancer or genetic characteristic), disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result of the discrimination was terminated, denied any employment benefit or privilege, denied work opportunities or assignments, denied accommodation for a disability, denied bereavement leave, denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation,

-1-
Complaint – CRD No. 202403-23971314

Date Filed: March 14, 2024

CRD-ENF 80 RS (Revised 12/22)

requested or used bereavement leave, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was terminated, denied any employment benefit or privilege, denied work opportunities or assignments, denied accommodation for a disability, denied bereavement leave, denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Additional Complaint Details:** COMPLAINANT was hired by AMAZON in or around January 2022, as a seasonal employee working for AMAZON located at 11100 Iberia Street, Mira Loma, CA 91752. After a few months of hard work and dedication, COMPLAINANT was offered a part-time position as a Fulfillment Associate. At all times relevant herein, COMPLAINANT was employed by AMAZON.

COMPLAINANT has high functioning Autism – including auditory processing disorder, general anxiety disorder, and depression, which affect his ability to engage in major life activities. Despite this, COMPLAINANT thrived in his job position at AMAZON and was, at all times, a satisfactory employee.

COMPLAINANT placed RESPONDENTS on notice of his mental disabilities during his initial hiring and/or onboarding process. Unfortunately, AMAZON's policies and procedures are specifically designed to harm and discriminate against employees with medical disabilities such as COMPLAINANT. These policies strategically bypass AMAZON's legal obligations to accommodate such employees. As a result, COMPLAINANT was subjected to discrimination, retaliation, and ultimately wrongfully terminated effective April 18, 2023.

On or about March 30, 2023, COMPLAINANT's grandfather passed away and he requested bereavement leave. COMPLAINANT was ultimately granted three days of leave.  However, on or about April 3, 2023, COMPLAINANT contacted AMAZON's Human Resources Department ("HR") and requested an additional two days of bereavement leave as he was still grieving the loss of his grandfather, who served as his primary father figure and held a special place in his life, especially given the absence of his biological father.

COMPLAINANT was advised by HR that they would submit the request and, if there were any issues, he would hear back from them. COMPLAINANT never received any follow-up and was under information and belief that his request was approved. Notably, due to COMPLAINANT's mental disabilities, he required additional instruction and assistance for day-to-day processes, including completing his daily work tasks of filling pallets and loading and unloading shipments. AMAZON was at all times aware of his need for accommodations yet did not provide any additional assistance to COMPLAINANT – to his detriment.

COMPLAINANT returned to work for his next scheduled shift on April 10, 2023. COMPLAINANT worked the entirety of his shift with no issue. No attempt by anyone from AMAZON was made to speak with COMPLAINANT regarding his bereavement leave and/or unpaid time off ("UPT") balance.

During this same time, COMPLAINANT's symptoms of anxiety and depression began to worsen. COMPLAINANT reached out to AMAZON's Human Resources Department and requested assistance, specifically advising them that his therapist requested he take a leave of absence. AMAZON's Human Resources Representative merely brushed off his request and informed COMPLAINANT to speak with another department entirely, AMAZON's DLS Department. Importantly, AMAZON was well aware of COMPLAINANT's mental disabilities

-2-
*Complaint – CRD No. 202403-23971314*

Date Filed: March 14, 2024

CRD-ENF 80 RS (Revised 12/22)

and his need for additional assistance, yet they failed to assist and instead forced him to maneuver their convoluted system alone. Despite COMPLAINANT's efforts, he was ultimately unable to complete his request for FMLA after submitting it to the DLS Department due to AMAZON's lack of assistance.

On or about April 13, 2023, COMPLAINANT presented to work for his shift as normal. COMPLAINANT worked approximately three hours before becoming physically ill, at which point he immediately informed OSORINO. RESPONDENTS approved for COMPLAINANT to forego the remainder of his shift and go home early. At no time during the three hours COMPLAINANT worked did RESPONDENTS attempt to speak with COMPLAINANT regarding his UPT balance or prior attempts to get into contact with him. Further, RESPONDENTS failed to inform COMPLAINANT that leaving early due to his physical illness on April 13, 2023, may lead to his termination.

No effort, at any time between April 10, 2023, and April 14, 2023, was made by RESPONDENTS to discuss with COMPLAINANT his UPT balance, the possible ramifications of leaving early for his illness, and/or possible leave options to accommodate his physical illness, despite knowing that COMPLAINANT required additional assistance and communications due to his mental disabilities.

On or about April 15, 2023, COMPLAINANT attempted to login to his employee portal account prior to his shift, as was his practice to routinely check his employee portal. Shockingly, COMPLAINANT discovered that he no longer had access to his account. COMPLAINANT immediately reached out to RESPONDENTS' Human Resources Department to inquire about the lack of access and was informed, for the first time, that he had been terminated due to "negative hours of unpaid time off." At no time prior to this call did COMPLAINANT receive any notification that there was an issue with his UPT, despite actively keeping his management informed regarding his time off and being physically present and working at RESPONDENTS facility for approximately twelve (12) hours between April 10, 2023, and April 13, 2023.

Worse still, COMPLAINANT discovered that OSORINO had denied his additional bereavement leave despite his representations otherwise – thus, COMPLAINANT became negative in unpaid hours as a result. Importantly, COMPLAINANT had worked at least three shifts following his requested extension of bereavement leave. At no time during those three shifts was COMPLAINANT ever advised that he was being terminated - not even when he spoke to OSORINOand requested to leave due to his illness.

After this April 15, 2023, phone call COMPLAINANT discovered an email sent to his personal email address on April 14, 2023, advising him that he was being terminated and that RESPONDENTS had attempted to call him. Notably, COMPLAINANT never received any calls from anyone at AMAZON prior to this email. COMPLAINANT was not apprised of this email prior to his termination due to his pattern and practice of checking his employee portal for employment information – not his email. Conspicuously missing from his portal - at any time – was any information regarding his termination.

AMAZON's policies, specifically regarding unpaid time off, detrimentally impacts employees with disabilities who require additional accommodations. COMPLAINANT, suffering from autism, anxiety, and depression, advised AMAZON on numerous occasions of his disabilities and even attempted to request FMLA as an accommodation. Instead of engaging in any interactive process or granting his request, AMAZON used their discriminatory policies to wrongfully terminate COMPLAINANT's employment.

-3-

1  COMPLAINANT believes and asserts that RESPONDENTS intentionally/recklessly mislead
   him with respect to his "approved" bereavement leave and need for time off due to illness in
2  an effort to terminate COMPLAINANT due to his mental disabilities and his engagement in
   protected activity – requesting bereavement and/or FMLA leave.
3  On or about April 19, 2023, COMPLAINANT advised AMAZON that he wished to appeal the
   termination. Thereafter, COMPLAINANT met with AMAZON's appeals department on or
4  about April 24, 2023, and informed them that, on account of his disabilities, he would need
   additional time to elaborate his appeal statement because, as he previously expressed in his
5  requests for accommodation, COMPLAINANT cannot process these issues as quickly as a
   non-autistic individual. Shockingly however, AMAZON further retaliated and discriminated
6  against COMPLAINANT by once again denying COMPLAINANT's simple request for
   accommodations. Instead, COMPLAINANT was advised on April 27, 2023, that his appeal
7  had been denied.
8  By engaging in the above referenced acts and omissions, RESPONDENTS discriminated
   and retaliated against COMPLAINANT because of his disabilities and/or engagement in
9  protected activity in violation of Government Code §§ 12940, et seq. and COMPLAINANT
   was significantly harmed. RESPONDENTS' conduct was a substantial factor in causing
10 COMPLAINANT's harm.
   As a result of RESPONDENTS' unlawful conduct, COMPLAINANT suffered and continues
11 to suffer economic loss or disadvantage both as earnings and benefits, and emotional
   distress, including (without limitation), depression, decline in health, anxiety,
12 embarrassment, humiliation, loss of self-esteem, and mental anguish.

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          -4-
                          *Complaint – CRD No. 202403-23971314*
27
   Date Filed: March 14, 2024
28
                                                    CRD-ENF 80 RS (Revised 12/22)

VERIFICATION

I, **Raymond Babaian**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.   The matters alleged are based on information and belief, which I believe to be true.

On March 14, 2024, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                                                        **Ontario, CA**

-5-
*Complaint – CRD No. 202403-23971314*

Date Filed: March 14, 2024

CRD-ENF 80 RS (Revised 12/22)

COPY

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Raymond Babaian (SBN 232486) Kelcey Hoffman (SBN 333353)
VALIANT LAW
800 Ferrari Lane, Suite 100
Ontario, CA 91764
TELEPHONE NO.: 909.677.2270   FAX NO.: 909.677.2290
ATTORNEY FOR (Name): PLAINTIFF, DARREN MICHELS

*FOR COURT USE ONLY*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 15 2024

BY: _____ Stephanie Garcia, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME:

CASE NAME:
Michels v. Amazon

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CIV SB 2403847 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: 401 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (*not specified above*) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (*check all that apply*): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (*specify*): 10
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: March 14, 2024
Raymond Babaian
_____
(TYPE OR PRINT NAME)
▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
      *or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

COPY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

DARREN MICHELS

CASE NO.: **CIV SB 2 4 0 3 0 4 1**

vs.

**CERTIFICATE OF ASSIGNMENT** 401

AMAZON.COM SERVICES, LLC, ET AL.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
SAN BERNARDINO _____ District of the Superior Court under Rule 404 of this court for the RECEIVED
checked reason:

■ General          ☐ Collection

MAR 1 5 2024

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | |
| ☒ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| AMAZON.COM SERVICES, LLC | | 11100 Iberia Street |
|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS |
| Mira Loma | CA | 91752 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on March 14, 2024 _____ at Ontario _____, California

_____
*Signature of Attorney/Party*

CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| Michels -v- Amazon.com Services, LLC et al | |
|---|---|
| NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT | Case Number CIVSB2403401 |

Valiant Law
800 Ferrari Lane Suite 100
Ontario CA 91764

This case has been assigned to: Jeffrey R Erickson in Department S14 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 09/16/2024 at 8:30 AM in Department S14 - SBJC

Date: 3/15/2024                         By: _____
                                            Stephanie Garcia, Deputy Clerk

---

### CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐   Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
☐   Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
☒   A copy of this notice was given to the filing party at the counter.
☐   A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 3/15/2024

I declare under penalty of perjury that the forgoing is true and correct. Executed on 3/15/2024 at San Bernardino, CA.

                                        By: _____
                                            Stephanie Garcia, Deputy Clerk

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE: _____ | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER CIVSB 2 4 0 3 9 ~~4 1~~ |
|---|---|

*(handwritten: 401)*

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. **This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case in Complaint:**

5. **Description of case in Cross-Complaint:**

6. Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: _____ Court-sponsored: _____

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ Trial dates requested: Yes ☐ No ☐ Available dates: _____
   Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
Date: _____

_____          _____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY

_____          _____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY

Form # 13-09001-360          **INITIAL TRIAL SETTING CONFERENCE STATEMENT**
Mandatory Form

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (Name):
FAX NO. (Optional):

TRIAL SETTING CONFERENCE DATE: _____
UNLIMITED CASE: _____
LIMITED CASE: _____

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

401

## INITIAL TRIAL SETTING CONFERENCE STATEMENT
CASE NUMBER: CIVSB 2 4 0 3 0 4 1

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided. <u>This document must be filed and served at least 15 days prior to the trial setting conference date.</u>**

1.  **Party or parties** (answer one):
    a.  ☐ This statement is submitted by party (*name*):
    b.  ☐ This statement is submitted jointly by parties (*names*):

2.  **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3.  **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4.  **Description of case in Complaint:**

5.  **Description of case in Cross-Complaint:**

6.  Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: _____

7.  Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: _____ Court-sponsored: _____

8.  **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

    ☐ A motion to ☐ consolidate ☐ **Trial dates requested: Yes** ☐ No ☐ Available dates: _____
    Time estimate: _____

9.  **Other issues:**
    ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

Form # 13-09001-360
Mandatory Form

**INITIAL TRIAL SETTING CONFERENCE STATEMENT**



## Superior Court of California-County of San Bernardino

# ALTERNATIVE DISPUTE RESOLUTION

### What is Alternative Dispute Resolution?

There are different processes available to settle lawsuits that do not require a trial. In Alternative Dispute Resolutions (ADR) a trained, impartial person decides disputes or helps the parties reach resolutions of their disputes for themselves. These persons are *neutrals*, who are normally chosen by the disputing parties or the court.

### Advantages of ADR

- Often faster than going to trial.
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing the parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- ADR can be used, even after a lawsuit, if the result is appealed.

### Disadvantages of ADR - ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error if by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

### The Most Common Types of ADR: Mediation and Arbitration

#### Mediation

In mediation, the mediator (*a neutral*) assists the parties in reaching a mutually acceptable resolution of their dispute.

- Unlike lawsuits or some other types of ADR, the parties, rather the mediator   decide how the dispute is to be resolved.
- ADR is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other.
- ADR can be particularly effective when parties have a continuing relationship, such as neighbors or businesses.
- ADR can be also very effective where personal feelings are getting in the way of a resolution.

#### Arbitration

In arbitration, the arbitrator (*a neutral*) reviews evidence, hears arguments, and makes a decision (*award*) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration may be more informal, quicker, and less expensive than a trial.

There are two types of arbitration in California:

- **Private arbitration** by agreement of the parties involved in the dispute. This type takes place outside of the court and normally is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.
- **Judicial arbitration** ordered by the court. The arbitrator's decision is not binding unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not receive a more favorable award at trial, the party may have to pay a penalty.

## More Information

There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini-trial, Victim Offender Reconciliation Program, and summary trial jury. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type of ADR that is most likely to resolve your particular dispute.

The selection of a neutral is also an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals.

Agreements reached through ADR normally are put into writing and, if the parties wish, may become binding contracts that can be enforced by the court.

ADR can be used to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral. ADR has also been used to resolve disputes even after trial, when the result is appealed.

You may wish to seek the advice of an attorney as to your legal rights and matters relating to the dispute before pursuing ADR.

**To locate a dispute resolution program or neutral in your community:**

- **Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;**

- **Contact the local bar association, or;**

- **Look in a phone directory under mediation or arbitration services.**

**The following alternate dispute resolution service providers are under contract with the County of San Bernardino to provide services for the listed types of matters under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.**

*Civil, family law (except custody and support)*
*Landlord-tenant, unlawful detainers, small claims:*
**Program Director: Lynne Anderson, Executive Director**
**City Center Building**
**Inland Fair Housing & Mediation Board**
**10681 Foothill Boulevard, Suite 101**
**Rancho Cucamonga, CA 91730**
**909-984-2254 or 800-321-0911**
**Fax: 909-460-0274**
*www.inmedbd.com*

\*\*