JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:24-cv-00829-SSS-SHKx | Date | July 22, 2024 |
|---|---|---|---|
| Title | *Darren Michels v. Amazon.com Services, LLC, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND [Dkt. 15]**

Before the Court is Plaintiff Darren Michels' ("Michels") motion to remand case to San Bernardino Superior Court (the "Motion") filed on May 15, 2024. [Dkt. 15].  This matter is fully briefed and ripe for review.  [Dkt. 21; Dkt. 23].  In accordance with the opinion below, the Court **GRANTS** the Motion and **REMANDS** the case to San Bernardino Superior Court.  [Dkt. 15].

**Background**

This matter arises out of the allegedly wrongful termination of Michels from his position as a Fulfillment Associate with Defendant Amazon.com Services, LLC ("Amazon").  [Dkt. 1-1 at 5].  In or around January 2022, Michels began working for Amazon, a Washington corporation, as a seasonal employee.  [Dkt. 1 at 5].  Months later, Michels became a part-time employee at Amazon.  *Id*.  Michels has high functioning autism and suffers from a variety of disorders including auditory processing disorder, general anxiety disorder, and depression.  *Id*.

Michels claims Amazon discriminated and retaliated against him because of his disabilities and his participation in protected conduct.  *Id*. at 7–8.  Relevant to

this Motion is Michels' allegations relating to Vanessa Osorino ("Osorino"), his supervisor at Amazon and Amazon's co-defendant.  [Dkt. 15].

As to Osorino, broadly speaking, Michels alleges Osorino, a resident of California, let Plaintiff go home early on April 13, 2023, without telling him about his negative unpaid time off balance or that he would be terminated if he left early.  [Dkt. 1-1 at 7]; *Id*. at 4.  Michels alleges further Osorino "intentionally/recklessly" misled him in respect to his leave availability in order to terminate him because of his disabilities and engagement in protected activities.  *Id*. at 8.

The Court will discuss any other relevant facts below in the Motion.

**Legal Standard**

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Thus, federal courts can only hear cases if "there is a valid basis for federal jurisdiction." *Ayala v. Am. Airlines, Inc.*, No. 2:23-cv-03571-MEMF-MAR, 2023 WL 6534199, at *1 (C.D. Cal. Oct. 6, 2023) (citing *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991)).

A defendant may remove a case to federal court if the case could have been brought originally in federal court.  28 U.S.C. § 1441(a).  If a plaintiff contests the removability of an action, the burden is on the removing party to show by a preponderance of the evidence that the requirements for removal were met.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  "Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between 'citizens of different States.'" *Jimenez v. General Motors*, LLC, No. 2:23-cv-06991 WLH (JPRx), 2023 WL 6795274, at *2 (C.D. Cal. Oct. 13, 2023).

However, "[i]n determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex. rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  A fraudulently joined defendant is also known as a "sham defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009).  "In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the

party whose joinder is questioned." *Id*. (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)).  If there is any doubt as to the right to removal, a court must remand the action to state court.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

**Discussion**

Michels argues the Court should grant his Motion because Osorino is not a sham defendant, and thus, because Osorino is a resident of California, there is not complete diversity of citizenship among the parties.  [Dkt. 15].  In response, Amazon contends Osorino is a sham defendant because Michels cannot state a valid claim against Osorino.  [Dkt. 21 at 9].  For the reasons set forth below, the Court disagrees with Amazon and **GRANTS** the Motion.  [Dkt. 15].

The Court begins by noting Amazon, not Michels, bears the burden of establishing Osorino is a sham defendant.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009).  To establish Osorino is a sham defendant, Amazon must show, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in Michels' favor, Michels cannot state a claim against Osorino.  *Fernandez v. Transamerica Life Ins. Comp.*, No. 8:24-cv-00280-DOC-DFMx, 2024 WL 1354295, at *2 (C.D. Cal. Mar. 29, 2024).  Put another way, Amazon "must be able 'to show that the individuals joined in the action cannot be liable on any theory.'"  *Walker v. Avis Rent A Car Sys., LLC*, No. 15-cv-01241 JAK (ASx), 2015 WL 13752943, at *3 (C.D. Cal. July 6, 2015) (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).  As set forth below, because the Court finds Michels can maintain an intentional infliction of emotional distress ("IIED") claim against Osorino, Michels is not a sham defendant.[1]

To state an IIED claim under California law, Michels must allege facts sufficient to show (1) extreme or outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress, (2) severe emotional suffering, and (3) actual or proximate causation of the emotional distress.  *Freeman Grove v. Childtime Learning Cntrs., Inc.*, No. 16-

---

[1] The Court declines to address Michels' negligent infliction of emotional distress claim because all that is required for Michels to succeed on his Motion is to show he can maintain a single claim against Osorino.  *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012).

cv-0745 JVS (JEMx), 2016 WL 3561773, at *3 (C.D. Cal. June 28, 2016); *Corona v. Quad Graphics Printing Corp.*, 218 F. Supp. 3d 1068, 1074 (C.D. Cal. Oct. 31, 2016). Conduct is extreme or outrageous when it exceeds "'all bounds [of decency] usually tolerated by a decent society, [and is] of a nature which is especially calculated to cause, and does cause, mental distress[.]'" *Corona*, 218 F. Supp. 2d at 1074.

While personnel or management decisions are generally insufficient to support an IIED claim, an IIED claim can succeed where the defendants' conduct goes beyond personnel or management decisions and the conduct is "motivated by prohibited discriminatory considerations[.]" *Martinez v. Costco Wholesale Corp.*, 481 F. Supp. 3d 1076, 1103 (S.D. Cal. Aug. 21, 2020) (citing *Janken v. GM Hughes Elecs.*, 53 Cal. Rptr. 2d 741, 756 (1996));*Walker,* 2015 WL 13752943, at *6–7.

Here, despite Amazon's arguments to the contrary, Michels adequately pleads extreme or outrageous conduct by Osorino. [Dkt. 1-1 at 8]. In the Complaint, Michels claims Osorino intentionally misled him with respect to his bereavement leave in order to terminate Michels. *Id*. Michels further asserts Osorino misled him because of his "mental disabilities and his engagement in protected activit[ies]." *Id*. Thus, because as currently plead Osorino misled Michels, an act outside the scope of personnel or management activities, with a discriminatory motive, Michels adequately pleads extreme or outrageous conduct on the part of Osorino. *Martinez*, 481 F. Supp. 3d at 1103; *Walker*, 2015 WL 13752643, at *7.[2]

Amazon's only other challenge to Michels' IIED claim is that California's Workers' Compensation Act (the "WCA") preempts the claim. For the reasons stated below, the Court finds the WCA does not preempt Michels' IIED claim.

The WCA "provides the exclusive means of remedy for employee's injuries 'arising out of and in the course of … employment.'" *FreemanGrove*, 2016 WL

---

[2] The Court also notes, even if Michels could not state a claim currently against Osorino, Michels likely could cure any deficiencies against Osorino via subsequent amendment such that remand is proper. *See De Peralta v. Fox Restaurants Concepts, LLC*, No. 17-cv-7740 PSG (PLAx), 2018 WL 748287, at *4 (C.D. Cal. Feb. 6, 2018) (remanding case after determining plaintiff could improve his IIED claim against the non-diverse defendant via subsequent amendment).

3561773, at *4 (citing Cal. Labor Code § 3600(a)).  However, the WCA does not preempt an IIED claim where the claim is based upon alleged discrimination. *Martinez*, 481 F. Supp. 3d at 1103 (collecting cases); *see also Zolensky v. Am. Medflight, Inc.*, No. 2:16-cv-00788-KJM-KJN,  2017 WL 1133926, at *7 (E.D. Cal. Mar. 27, 2017).  Here, Michels alleges Osorino discriminated against him because of his disabilities.  [Dkt. 1-1 at 8].  As such, the WCA does not bar Michels' IIED claim, and Amazon's argument fails.  *Martinez*, 481 F. Supp. 3d at 1102; *Barsell v. Urban Outfitters, Inc.*, No. 09-cv-MMMRZX, 2009 WL 1916495, at *4 (C.D. Cal. July 1, 2009).

**Conclusion**

In accordance with the above, Michels can assert an IIED claim against Osorino.  As such, Osorino is not a sham defendant.  Because Osorino is not a sham defendant, her citizenship must be considered for purposes of establishing diversity jurisdiction.

As such, because Osorino and Michels are both citizens of California, the suit is not between citizens of different states, and the Court lacks diversity jurisdiction over the matter.  28 U.S.C. § 1332.  Thus, the Court **GRANTS** the Motion, [Dkt. 15], and hereby orders the case **REMANDED** to San Bernardino Superior Court.

**IT IS SO ORDERED.**